# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| PAULA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-00695-CV-W-FJG |
| | ) | |
| DENNIS McDONOUGH, SECRETARY OF THE | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# ANSWER TO COMPLAINT

Pursuant to FED. R. CIV. P. 8, 12, named defendants and Denis McDonough, Secretary of the Department of Veterans Affairs, and the United States Department of Veterans Affairs (collectively "the VA"), submit the following answer to the COMPLAINT [Doc. 1] filed herein by Paula Moore ("Moore"):

**FIRST DEFENSE**

Moore's COMPLAINT, in whole or in part, fails to state a claim against the VA upon which relief can be granted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").

**SECOND DEFENSE**

The claims asserted in Moore's COMPLAINT, in whole or in part, are barred because of Moore's failure to timely raise and/or timely exhaust issues administratively.

## THIRD DEFENSE

All discrete decisions made and actions taken by the VA regarding Moore as described and alleged in her COMPLAINT were made and taken for *bona fide* business reasons (including legitimate business needs, managerial needs, and lawful principles of personnel management) and as a result of reasonable factors other than Moore's race or prior participation in colorable protected activity, and such decisions and actions were without any discriminatory or retaliatory intent, purpose, effect, or pretext.

## FOURTH DEFENSE

Moore was not meeting the legitimate expectations of her job duties with the VA.

## FIFTH DEFENSE

No causal connection exists between Moore's race or prior participation in colorable protected activity with respect to any actions taken or decisions made by the VA regarding Moore as described and alleged in her COMPLAINT.

## SIXTH DEFENSE

Any recovery of compensatory damages by Moore is capped by federal law.

## SEVENTH DEFENSE

Moore is not entitled to any recovery of punitive damages against the VA.

**EIGHTH DEFENSE**

Moore cannot establish a *prima facie* case of hostile work environment, actionable harassment, discrimination, and/or retaliation based on race or prior participation in colorable protected activity under Title VII.

**NINTH DEFENSE**

Moore did not sustain any adverse employment action or a material employment disadvantage as a result of some of the actions taken and decisions made by the VA with regard to Moore as described in the COMPLAINT nor can Moore show that any of the actions taken and decisions made by the VA with regard to Moore as described in the COMPLAINT would dissuade a reasonable employee from making or supporting a charge of discrimination or otherwise exercising equal employment opportunity rights.

**TENTH DEFENSE**

To the extent that Moore seeks to allege incidents or discriminatory and/or retaliatory conduct other than those raised in Moore's administrative discrimination complaint with the VA and/or assert theories of discrimination and/or retaliation other than those raised in Moore's administrative discrimination complaint with the VA, such incidents, conduct, and theories of discrimination and/or retaliation are barred by the failure to exhaust administrative remedies and/or by the statute of limitations.

**ELEVENTH DEFENSE**

Moore has failed to reasonably mitigate her damages.

## TWELFTH DEFENSE

Moore was not accorded any different treatment by the VA from other similarly situated (in all relevant respects) and similarly qualified individuals.

## THIRTEENTH DEFENSE

The events and working conditions that Moore was subjected to at the VA as described in Moore's COMPLAINT were not objectively sufficiently severe or pervasive so as to constitute a hostile working environment under Title VII.

## FOURTEENTH DEFENSE

The decisions made and actions undertaken by the VA with regard to Moore were not arbitrary and capricious and were not contrary to any collective bargaining agreement between the VA and any union representing Moore.

## FIFTEENTH DEFENSE

If the VA is found liable to Moore, which liability is expressly denied, the VA is entitled to have any award of damages against it abated, reduced, or eliminated by the total amount paid to Moore from any government source.

## SIXTEENTH DEFENSE

The "United States Department of Veterans Affairs," as opposed to the Secretary, is not a proper party-defendant to an action brought under Title VII.

# SEVENTEENTH DEFENSE AND BY WAY OF FURTHER ANSWER

Without waiving any of the defenses set forth above, or other defenses available at law or equity, the VA answers the separately numbered paragraphs of Moore's COMPLAINT as follows:

**1.**

Paragraph 1 of Moore's COMPLAINT contains a generic characterization of the action and not a statement of alleged facts to which an answer is required. However, to the extent an answer is deemed required, the VA admits that Moore purports to assert claims under the cited federal statutes as alleged in paragraph 1 of Moore's COMPLAINT. Further answering, the VA denies that it has any liability to Moore under any of the federal statutes cited in paragraph 1 of Moore's COMPLAINT.

**2.**

Paragraph 1 of Moore's COMPLAINT contains a generic characterization of the action and not a statement of alleged facts to which an answer is required. However, to the extent an answer is deemed required, the VA admits that Moore purports to assert claims under the cited federal statutes as alleged in paragraph 1 of Moore's COMPLAINT. Further answering, the VA denies that it has any liability to Moore under any of the federal statutes cited in paragraph 1 of Moore's COMPLAINT.

**3.**

The VA denies the allegations contained in paragraph 3 of Moore's COMPLAINT.

**4.**

The VA denies the allegations contained in paragraph 4 of Moore's COMPLAINT.

**5.**

The VA denies the allegations contained in paragraph 5 of Moore's COMPLAINT. Further answering, the VA specifically denies that sovereign immunity has been waived for any award of punitive damages against a federal government employer under Title VII.

**6.**

Upon information and belief, the VA admits the allegations contained in paragraph 6 of Moore's COMPLAINT.

**7.**

The VA admits the allegations contained in paragraph 7 of Moore's COMPLAINT.

**8.**

The VA admits the allegations contained in paragraph 8 of Moore's COMPLAINT.

**9.**

The VA admits the allegations contained in paragraph 9 of Moore's COMPLAINT.

**10.**

The VA denies the allegations contained in paragraph 10 of Moore's COMPLAINT. Further answering, the VA specifically avers that Dennis McDonough is the present Secretary of the Department of Veterans Affairs.

**11.**

The VA denies the allegations contained in paragraph 11 of Moore's COMPLAINT.

**12.**

Paragraph 12 of Moore's COMPLAINT contains a conclusion of law and not a statement of alleged facts to which an answer is required. However, to the extent an answer is deemed required, the VA denies that it has any liability to Moore under any of the federal statutes cited in paragraph 12 of Moore's COMPLAINT.

**13.**

Paragraph 13 of Moore's COMPLAINT contains a conclusion of law and not a statement of alleged facts to which an answer is required. However, to the extent an answer is deemed required, the VA denies that it has any liability to Moore under any of the federal or state statutes cited in paragraph 13 of Moore's COMPLAINT or under any application of supplemental jurisdiction.

**14.**

The VA admits that, if Moore has a cognizable Title VII claim, venue is proper in this Court as alleged in paragraph 14 of Moore's COMPLAINT.

**15.**

The VA admits the allegations contained in paragraph 15 of Moore's COMPLAINT but denies the allegation that Moore's filings were all "timely."

**16.**

The VA admits the allegations contained in paragraph 16 of Moore's COMPLAINT.

**17.**

The VA admits the allegations contained in paragraph 17 of Moore's COMPLAINT.

**18.**

The VA admits the allegations contained in paragraph 18 of Moore's COMPLAINT.

**19.**

The VA admits the allegations contained in paragraph 19 of Moore's COMPLAINT.

**20.**

Upon information and belief, the VA admits the allegations contained in paragraph 20 of Moore's COMPLAINT.

**21.**

The VA denies the allegations contained in paragraph 21 of Moore's COMPLAINT.

**22.**

Upon information and belief, the VA admits the allegations contained in paragraph 22 of Moore's COMPLAINT.

**23.**

The VA denies the allegations contained in paragraph 23 of Moore's COMPLAINT.

**24.**

Upon information and belief, the VA admits the allegations contained in paragraph 24 of Moore's COMPLAINT.

**25.**

The VA denies the allegations contained in paragraph 25 of Moore's COMPLAINT.

**26.**

The VA denies the allegations contained in paragraph 26 of Moore's COMPLAINT.

**27.**

The VA lacks sufficient information so as to form a reasonable as to the truthfulness of the allegations contained in paragraph 27 of Moore's COMPLAINT and, thus, the VA denies those allegations.

**28.**

The VA lacks sufficient information so as to form a reasonable as to the truthfulness of the allegations contained in paragraph 28 of Moore's COMPLAINT and, thus, the VA denies those allegations.

**29.**

The VA admits the allegations contained in paragraph 29 of Moore's COMPLAINT.

**30.**

The VA denies the allegations contained in paragraph 30 of Moore's COMPLAINT.

**31.**

The VA denies the allegations contained in paragraph 31 of Moore's COMPLAINT.

**32.**

The VA denies the allegations contained in paragraph 32 of Moore's COMPLAINT.

**33.**

The VA lacks sufficient information so as to form a reasonable as to the truthfulness of the allegations contained in paragraph 33 of Moore's COMPLAINT and, thus, the VA denies those allegations.

**34.**

The VA denies the allegations contained in paragraph 34 of Moore's COMPLAINT.

**35.**

The VA denies the allegations contained in paragraph 35 of Moore's COMPLAINT.

**36.**

The VA admits the allegations contained in paragraph 36 of Moore's COMPLAINT.

**37.**

The VA denies the allegations contained in paragraph 37 of Moore's COMPLAINT.

**38.**

The VA denies the allegations contained in paragraph 32 of Moore's COMPLAINT.

**39.**

The VA denies the allegations contained in paragraph 39 of Moore's COMPLAINT.

**40.**

The VA denies the allegations contained in paragraph 40 of Moore's COMPLAINT.

**41.**

The VA denies the allegations contained in paragraph 41 of Moore's COMPLAINT.

**42.**

The VA incorporates by reference its responses set forth above to the allegations made in paragraphs 1 through 41, inclusive, of Moore's COMPLAINT as though those responses were set out *haec verba* herein.

**43.**

The VA denies the allegations contained in paragraph 43 of Moore's COMPLAINT.

**44.**

The VA denies the allegations contained in paragraph 44 of Moore's COMPLAINT.

**45.**

The VA denies the allegations contained in paragraph 45 of Moore's COMPLAINT.

**46.**

The VA denies the allegations contained in paragraph 47 of Moore's COMPLAINT.

**47.**

The VA denies the allegations contained in paragraph 47 of Moore's COMPLAINT.

**48.**

The VA incorporates by reference its responses set forth above to the allegations made in paragraphs 1 through 47, inclusive, of Moore's COMPLAINT as though those responses were set out *haec verba* herein.

**49.**

The VA admits the allegations contained in paragraph 49 of Moore's COMPLAINT.

**50.**

The VA admits the allegations contained in paragraph 44 of Moore's COMPLAINT.

**51.**

The VA denies the allegations contained in paragraph 51 of Moore's COMPLAINT.

**52.**

The VA denies the allegations contained in paragraph 52 of Moore's COMPLAINT.

**53.**

The VA denies the allegations contained in paragraph 53 of Moore's COMPLAINT.

**54.**

The VA denies the allegations contained in paragraph 54 of Moore's COMPLAINT.

**55.**

The VA denies the allegations contained in paragraph 55 of Moore's COMPLAINT.

**56.**

The VA incorporates by reference its responses set forth above to the allegations made in paragraphs 1 through 45, inclusive, of Moore's COMPLAINT as though those responses were set out *haec verba* herein.

**57.**

The VA denies the allegations contained in paragraph 49 of Moore's COMPLAINT.

**58.**

The VA denies the allegations contained in paragraph 58 of Moore's COMPLAINT.

**59.**

The VA denies the allegations contained in paragraph 59 of Moore's COMPLAINT.

**60.**

The VA denies the allegations contained in paragraph 60 of Moore's COMPLAINT.

**61.**

The VA denies the allegations contained in paragraph 61 of Moore's COMPLAINT.

**62.**

The VA denies the allegations contained in paragraph 62 of Moore's COMPLAINT.

**63.**

The VA denies the allegations contained in paragraph 63 of Moore's COMPLAINT.

**64.**

The VA denies the allegations contained in paragraph 64 of Moore's COMPLAINT.

**65.**

The VA denies the allegations contained in paragraph 65 of Moore's COMPLAINT.

**66.**

The VA denies the allegations contained in paragraph 66 of Moore's COMPLAINT.

**67.**

The VA denies the allegations contained in paragraph 67 of Moore's COMPLAINT.

**68.**

The VA denies the allegations contained in paragraph 68 of Moore's COMPLAINT.

**69.**

The VA denies the allegations contained in paragraph 69 of Moore's COMPLAINT.

**70.**

The VA denies the allegations contained in paragraph 70 of Moore's COMPLAINT.

**71.**

The VA denies the allegations contained in paragraph 71 of Moore's COMPLAINT.

**72.**

The VA denies the allegations contained in paragraph 72 of Moore's COMPLAINT.

**GENERAL DENIAL**

Any allegation contained in the COMPLAINT [Doc. 1] filed herein by Paula Moore which has not been specifically and expressly admitted by the VA herein is hereby denied. Further answering, the VA denies that Moore is entitled to any legal or equitable remedy or relief prayed for in the COMPLAINT, including, but limited to, the remedies listed and/or requested in any paragraph of said COMPLAINT, including any prayers for relief.

WHEREFORE, having fully and completely answered the COMPLAINT, named defendants Denis McDonough, Secretary of the Department of Veterans Affairs, and the United States Department of Veterans Affairs pray that the COMPLAINT filed by plaintiff Paula Moore be dismissed with prejudice, that judgment be entered in favor of the VA, that costs be assessed against Moore and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By  */s/ Jeffrey P. Ray*

Jeffrey P. Ray
Deputy United States Attorney
Missouri Bar No. 35632

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106
(816) 426-3130
FAX: (816) 426-3165
E-MAIL: Jeffrey.Ray@usdoj.gov

ATTORNEYS FOR DEFENDANTS THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS AND DENIS MCDONOUGH, SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS