# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

Ms. Paula Moore, )
)
        Plaintiff, )
)
v. ) Case No. 20-0695-CV-W-FJG
)
United States Department of )
Veterans Affairs., et al., )
)
        Defendants. )

**ORDER**

1. The proposed discovery and scheduling plan pursuant to Local Rule 16.1(d) shall be filed on or before **February 23, 2022.**

   a. All known discovery issues and concerns should be presented in the joint discovery plan along with a date for the close of discovery and anticipated length of trial.

   b. The proposed discovery and scheduling plan shall comply with Local Rules 16.1(d), 16.1(f), 26.1(c) and 26.1(d).

   c. The proposed discovery and scheduling plan shall state whether the case will be tried to the Court or to a jury and the anticipated length of trial. See Local Rule 16.1(f)(5).

   d. In accordance with Local Rule 16.1(d), plaintiff's counsel shall take the lead in preparing the proposed discovery plan and scheduling order. In cases where plaintiff is pro se, opposing counsel will take the lead in setting up the conference and filing their proposed scheduling order.

2. On or before **February 9, 2022,** the parties shall conduct their conference pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1(a).[1]

   a. Counsel are reminded that Fed. R. Civ. P. 26(a)(1) disclosures must be completed within fourteen (14) days after the Rule 26(f) conference. See Fed. R. Civ. P. 26(a)(1)(C).

   b. During the Rule 26(f) conference, the parties shall discuss the nature and bases of their claims and defenses and shall discuss the possibilities for a

---

[1]The parties shall note that the deadlines in paragraphs 1 and 2 do not conform with those in Federal Rule of Civil Procedure 26(a)(1) and Local Rule 16.1. Both rules expressly permit the Court to make these modifications. In all other respects, Federal Rule of Civil Procedure 26(a) and Local Rule 16.1 remain in effect.

prompt settlement of the case.

    c.    Discovery may not commence before the Rule 26(f) conference is held except under the conditions set forth in Fed. R. Civ. P. 26(d).

3. With regard to any discoverable electronically stored information (ESI) the parties may have, the Court further requests that the joint discovery plan also include any issues and concerns related to the following:

    a.    What ESI is available and where it resides;

    b.    Ease/difficulty and cost of producing information;

    c.    Schedule and format of production;

    d.    Preservation of information; and

    e.    Agreements about privilege or work-product protection.

If the parties believe that a teleconference with the Court is necessary regarding the above information, the parties should contact my chambers at tracy_diefenbach@mow.uscourts.gov to set up a teleconference. For further information regarding discovery of ESI, the Court refers the parties to the Manual for Complex Litigation, Fourth §§ 11.446, 40.25.

4. When discovery commences in this case:

    a.    The number and form of interrogatories and the number of depositions are governed by Fed. R. Civ. P. 30(a)(2)(A) and 33(a).

    b.    The time permitted for depositions is governed by Fed. R. Civ. P. 30(d)(1). The parties should note that any proposed deposition lasting longer than seven hours requires prior approval by the Court.

    c.    The procedure for resolving discovery disputes is governed by Local Rule 37.1. Counsel shall not file any discovery motions until a teleconference has been held with the Court.

    d.    The form of answers to certain discovery requests and the disclosures required by Fed. R. Civ. P. 26 are provided in Local Rule 26.2.

    e.    The filing of motions does not postpone discovery. See Local Rule 26.1(b).

    f.    Extensions of scheduling deadlines are governed by Local Rule 16.3. Counsel may not agree informally amongst themselves to extend the deadlines established by the Scheduling and Trial Order, and instead must file a motion with the Court.

Dated: January 10, 2022  
Kansas City, Missouri

/s/ Fernando J. Gaitan, Jr.  
Fernando J. Gaitan, Jr.  
United States District Judge